Jeffrey S. Shumejda, Esq. Informal Opinion Village Attorney No. 98-54 Village of Tarrytown P. O. Box 876 Sleepy Hollow, N Y 10591
Dear Mr. Shumejda:
You have asked whether a joint Planning Board to be formed by the Village of Tarrytown and the Town of Greenburgh may employ weighted voting. You have explained that the joint Planning Board will decide land use issues regarding property lying in one municipality that borders the other municipality. Weighted voting would be used to give the municipality in which a piece of property lies a slim majority of the votes to be cast when the joint Planning Board makes a determination regarding that property.
General Municipal Law Article 5-G authorizes municipalities to agree to perform any of their existing functions or duties jointly or one for another. General Municipal Law §§ 119-n(c), 119-o(1). The Village Law and the Town Law expressly apply the municipal cooperation provisions of Article 5-G to land use planning and authorize municipalities to undertake comprehensive planning and land use regulation jointly or one for the other. Village Law § 7-741(1); Town Law §284(1). All three statutes authorize parties to municipal cooperation agreements to include such provisions as they deem appropriate in their agreements. General Municipal Law § 119-o(2)(b); Village Law § 7-741(5); Town Law § 284(5). Thus, the statutes that authorize the creation of joint Planning Boards permit flexible agreements that could include the use of weighted voting, under the circumstances you describe.
Depending upon the jurisdiction of the joint Planning Board, we note that some or all of its actions will be subject to review under General Municipal Law Article 12-B, which authorizes the creation of county planning boards and regional planning councils to, among other things, bring county-wide and inter-community considerations to the attention of municipalities making land use determinations. General Municipal Law §§ 239-c, 239-h. The question arises whether this review affects the weighted voting proposal. Article 12-B requires that municipal land use agencies refer certain proposed land use actions to their county or regional planning agency before taking final action on the matter. Id., § 239-m(2). The proposed adoption or amendment of zoning ordinances or local laws, issuance of special use permits, approval of site plans, grant of use or area variances and other authorizations under a local zoning law or ordinance must be referred to the county or regional agency if the proposed action applies to real property located within five hundred feet of the boundary of any city, village or town. Id., § 239-m(3)(a),(b). Because your proposed joint Planning Board will make determinations regarding property that borders either the town or the village, its determinations will be subject to referral if they fall within the five hundred foot threshold.
Upon referral, the county or regional planning agency is to review the proposed action and recommend approval, modification or disapproval. The agency also may report that the proposed action has no significant county-wide or inter-community impact. Id., § 239-m(4)(a). The statute provides that the referring municipality shall not act contrary to a recommendation to disapprove or modify a proposed action except by a vote of a majority plus one of all of the members thereof. Id., § 239-m(5). This requirement is not inconsistent with weighted voting. Applying the proposed weighted voting system, however, your joint Planning Board would be required under section 239-m(5) to act by a vote equivalent to a majority plus one of its members if it wished to act contrary to the recommendation of the county or regional agency.
We conclude that a joint Village and Town Planning Board, formed to consider applications relating to property on the border between the municipalities, may employ weighted voting designed to give a majority of votes to the municipality in which the property lies.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General